**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **BARBARA O'HEARN** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CERTAIN UNDERWRITERS AT** | ) | |
| **LLOYD'S, LONDON,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | **Civil Action No._____** |
| **PATRONS OXFORD INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **KENNEBUNK, KENNEBUNKPORT** | ) | |
| **& WELLS WATER DISTRICT** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Barbara O'Hearn, by and through undersigned counsel, and Complains against the Defendants as follows:

## THE PARTIES

1.      Plaintiff, Barbara O'Hearn, is an individual who resides in the Town of Cambridge, County of Washington, in the State of New York.

2.      Upon information and belief, Defendant, Certain Underwriters at Lloyd's, London (hereinafter "Lloyd's), Subscribing to Policy No. NEF-01545, are the insurers of real property located at 356 Atlantic Avenue in the Town of Wells, County of York, State of Maine, which is

owned by Plaintiff. The policy was issued by New England Flood Insurance which is believed to be a servicer of the policy and which has a principal place of business located at 22 Deer Street, Suite 400 in the City of Portsmouth, County of Rockingham, State of New Hampshire.

3.      Upon information and belief, Defendant Patrons Oxford Insurance Company (hereinafter "Patrons Insurance") is an insurance company licensed by the Maine Bureau of Insurance to provide insurance products in the State of Maine, and identified by license number PCD7, with its principal place of business in the City of Portland, County of Cumberland, State of Maine.

4.      Upon information and belief, Defendant Kennebunk, Kennebunkport & Wells Water District is a quasi-municipal water utility that serves the Towns of Kennebunk, Kennebunkport, Wells, Ogunquit, Arundel and portions of Biddeford and York, with a principal place of business located at 92 Main Street in the Town of Kennebunk, County of York, State of Maine.

## JURISDICTIONAL STATEMENT

5.      This Court has original jurisdiction over all claims herein pursuant to 28 U.S.C. Section 1332 because Plaintiff is an individual residing in the State of New York; Defendant Lloyd's issued its insurance policy through New England Flood Insurance which has a principal place of business located in the State of New Hampshire; Defendant Patron's Oxford is an insurance company with its primary place of business in the State of Maine; and Defendant Kennebunk, Kennebunkport & Wells Water District's principal place of business is in the State of Maine; furthermore, the matter in controversy exceeds the sum of $75,000.00.

## VENUE

6.      Venue is proper with this Court pursuant to 28 U.S.C. Section 1391(a) and Rule 3(b) of the rules of the United States District Court for the District of Maine in that all aspects of the acts at issue occurred in York County, State of Maine.

## JURY DEMAND

7.      Plaintiff demands a jury trial on all relevant issues of fact.

## STATEMENT OF FACTS

8.      At all times relevant hereto, Plaintiff Barbara O'Hearn, owned property located at 356 Atlantic Avenue in Wells, Maine.

9.      At all times relevant hereto, Plaintiff's property located at 356 Atlantic Avenue in Wells, Maine was insured pursuant to a flood insurance policy with Defendant Lloyd's, serviced by New England Flood Insurance, specifically policy number NEF-01545.

10.      At all times relevant hereto, Plaintiff's property located at 356 Atlantic Avenue in Wells, Maine was insured pursuant to a homeowners' policy with Defendant Patrons Oxford; specifically, policy number HOM 557091.

11.      On or about September 20, 2019, a water main owned, operated and maintained by Defendant Kennebunk, Kennebunkport and Wells Water District broke, causing the release of water that resulted in damage to Plaintiff's home and personal property (hereinafter "the loss").

12.      On or about September 27, 2019, Defendant Patrons Oxford notified Plaintiff that it was denying coverage of her claimed damages from the water loss, stating that damage from surface water was not covered pursuant to her homeowners' policy.

13.      On or about January 8, 2020, Defendant Lloyd's rejected Plaintiff's Proof of Loss, which estimated damages of approximately $89,330.91 to her home, based, in part, on a dispute

as to the amount of damages. Defendant Lloyd's, through its claims administrator Vanguard, issued a partial payment of $15,061.70 to Plaintiff, representing its undisputed amount of damages to Plaintiff's home attributable to the loss.

14.     Since filing her Proof of Loss for damage to her home, Plaintiff has incurred additional costs to repair the damage caused by the loss.

## COUNT I

### (Declaratory Judgment-Patrons Oxford Insurance Company)

15.     Plaintiff incorporates by reference paragraphs 1-14 above as if fully stated herein.

16.     The policy exclusion relied upon by Defendant Patrons Oxford in its denial of Plaintiff's claim for insurance proceeds pursuant to her homeowners' policy are ambiguous and should be strictly construed in favor of Plaintiff and for coverage of the loss.

17.     Proper interpretation of the homeowners' policy provides coverage for the property damage suffered by Plaintiff on or about September 20, 2019.

18.     An actual controversy exists between Plaintiff, on the one hand, and Defendant, Patrons Oxford on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

WHEREFORE, Plaintiff, respectfully requests this Honorable Court to declare and adjudge that Plaintiffs' claim is covered and payable pursuant to the Patrons' Oxford homeowners' policy and that Defendant's denial of her claim is wrongful and in breach of Defendant's contractual obligations and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs and attorney's fees.

4

## COUNT II

### (Breach of Contract-Patrons Oxford Insurance Company)

19.     Plaintiff incorporates by reference paragraphs 1-14 above as if fully stated herein.

20.     At all relevant times alleged herein, Plaintiff and Defendant Patrons Oxford were subject to a valid and effective insurance contract as set forth above.

21.     Pursuant to the terms of the insurance contract, Plaintiff was to pay a premium for coverage in exchange for the insurance coverage provided in the homeowners' policy.

22.     Plaintiff complied with the terms of the insurance contract and made a valid claim for damages to her property pursuant to the insurance contract.

23.     Defendant failed to make payment to Plaintiff pursuant to the contract and thereby materially breached the contract, causing damages to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Patrons Oxford Insurance Company in an amount to reasonably and fairly compensate her for all damages, plus attorney's fees, costs, and interest, and any such other damages as this Honorable Court may deem just.

## COUNT III

### (Breach of Contract- Certain Underwriters at Lloyd's, London)

24.     Plaintiff incorporates by reference paragraphs 1-14 above as if fully stated herein.

25.     At all relevant times alleged herein, Plaintiff and Defendant Lloyd's were subject to a valid and effective insurance contract as set forth above.

26.     Pursuant to the terms of the insurance contract, Plaintiff was to pay a premium for coverage in exchange for the insurance coverage provided in the flood insurance policy.

27.     Plaintiff complied with the terms of the insurance contract and made a valid claim for damages to her property pursuant to the insurance contract.

28.     Defendant failed to make payment for the full amount of the loss to Plaintiff pursuant to the contract and thereby materially breached the contract, causing damages to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Certain Underwriters at Lloyd's, London in an amount to reasonably and fairly compensate her for all damages, plus attorney's fees, costs, and interest, and any such other damages as this Honorable Court may deem just.

## COUNT IV

**(Breach of Good Faith and Fair Dealing - Certain Underwriters at Lloyd's, London)**

29.     Plaintiff incorporates by references paragraphs 1-14 and 24-28 above as if fully stated herein.

30.     Defendant Lloyd's, as the insurer, owed Plaintiff, as an insured, an implied duty of good faith and fair dealing.

31.     Defendant Lloyd's breached the implied duty of good faith and fair dealing when it failed to pay the full value of the claim made for damages covered under the flood insurance policy when the value of the claim became reasonably known through estimates provided by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant Certain Underwriters at Lloyd's, London in an amount to reasonably and fairly compensate her for all damages, including consequential damages, plus attorney's fees, costs, and interest, and any such other damages as this Honorable Court may deem just.

## COUNT V

### (Unfair Claims Settlement Practices, 24-A M.R.S.A. §2436-A
### Certain Underwriters at Lloyd's, London)

32.     Plaintiff incorporates by reference paragraphs 1-14 and 24-31 above as if fully stated herein.

33.     Pursuant to 24-A M.R.S.A. §2436-A, an insurer may not, without just cause, fail to effectuate prompt, fair and equitable settlement of claims submitted on which liability is reasonably clear.

34.     As set forth above, Defendant Lloyd's does not dispute liability in this matter, nor has it disputed coverage.

35.     Defendant Lloyd's failure to effectuate a prompt, fair and equitable settlement of Plaintiff's claims constitutes an unfair settlement practice.

WHEREFORE, Plaintiff demands judgment against Defendant Certain Underwriters at Lloyd's, London in an amount to reasonably and fairly compensate her for all damages, plus attorney's fees, costs, and interest pursuant to 24-A M.R.S.A. §2436-A.

## COUNT VI

### (Negligence - Kennebunk, Kennebunkport and Wells Water District)

36.     Plaintiff incorporates by reference paragraphs 1-14 above as if fully stated herein.

37.     Defendant Kennebunk, Kennebunkport and Wells Water District owed a duty of ordinary care to operate and maintain its water mains so they would not malfunction and cause damage to others.

38.     Defendant Kennebunk, Kennebunkport and Wells Water District owed a heightened duty of care to Plaintiff due to the customer relationship between the two parties.

39.    Defendant was negligent in its operation and maintenance of its water main, causing the water main to break and release water onto Plaintiff's property;

40.    As a direct and proximate cause of Defendant's negligence as outlined above, Plaintiff sustained damage to her real and personal property.

WHEREFORE, Plaintiff demands judgment against Defendant Kennebunk, Kennebunkport and Wells Water District in an amount to reasonably and fairly compensate her for all damages, plus attorney's fees, costs, and interest, and any such other damages as this Honorable Court may deem just.

Dated at New Gloucester, Maine this 18th day of September, 2020.

/S/ Robert W. Weaver
Robert W. Weaver, Esq., Maine Bar No. 4892

Attorney for Plaintiff, Barbara O'Hearn

Irwin & Morris
60 Pineland Drive, Suite 202 Auburn Hall
New Gloucester, ME 04260
(207) 699-5106
rweaver@irwinmorris.com